## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GARY WILSON,** | : | **CASE NO. 1:21-mj-00596-RMM-1** |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

## MOTION TO INQUIRE INTO POTENTIAL CONFLICT

COMES NOW the United States of America, by and through undersigned counsel, and hereby files its request for an inquiry into the issue of a potential conflict of interest involving the attorney for defendant Gary Wilson and Brady Knowlton, and whether the facts require an appropriate hearing.  As grounds in support thereof, the Government states the following:

## BACKGROUND

On September 9, 2021, the Honorable United States Magistrate Judge Robin M. Meriweather issued an arrest warrant for defendant Gary Wilson.  David Finn, Esq., notified the government that he represents Gary Wilson and appeared at the Rule 5 hearing in the District of Utah.[1]  Wilson is charged by complaint with identical offenses arising out of an identical set of circumstances as his co-defendant Brady Knowlton.[2]  Knowlton was previously represented by Mr. Finn in this same matter.  *See* Order Granting Motion *Pro Hac Vice* for the admission of David Finn, *United States v. Brady Knowlton*, 1:21-cr-00046-RDM-2, ECF No. 8.   Several

---

[1] Because Mr. Finn is not admitted to the Court in Utah, the Federal Public Defender represented Wilson during the hearing.  The Magistrate Judge forbade Mr. Finn from officially appearing in the case.

[2] The government anticipates seeking indictment of Wilson as a co-defendant of Brady Knowlton and Patrick Montgomery.

weeks after noticing his appearance as Knowlton's attorney, however, Mr. Finn withdrew as his attorney and no longer represents Knowlton. *See* Motion to Withdraw as Attorney by David Finn, *United States v. Brady Knowlton*, 1:21-cr-00046-RDM-2, ECF No. 21.

## LAW

To start, while it is clear that a criminal defendant generally has a constitutionally protected right to choose his own counsel, as contemplated by the Fifth and Sixth Amendments, *see Wheat v. United States*, 486 U.S. 153, 158, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988); *Yancey v. United States*, 755 A.2d 421, 425 (D.C. 2000), the right to proceed to trial with counsel of one's own choosing is not absolute*, see United States v. Gonzalez-Lopez*, 548 U.S. 140, 152, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006).  "The essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers[.]" *Pinkney v. United States*, 851 A.2d 479, 486-87 (D.C. 2004).  A defendant's right to counsel under the Sixth Amendment includes the right to be represented by an attorney who is free from conflicts of interest.  *See Wood v. Georgia*, 450 U.S. 261, 271, (1981), *Holloway v. Arkansas*, 435 U.S. 475, 481-82, (1978); *United States v. Levy*, 25 F.3d 146, 156 (2d Cir. 1994); *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982); *Wheat v. United States*, 486 U.S. 153, 158 (1988) ("We have recognized that multiple representation of criminal defendants engenders special dangers of which a court must be aware").  *See also United States v. Lopesierra-Gutierrez*, 708 F.3d 193 (D.C. Cir. 2013), *United States v. Flynn*, 411 F. Supp. 3d 15 (D. D.C. 2019).  Moreover, when a conflict situation becomes apparent to the government, the government has a duty to bring the issue to the court's attention.  *See United States v. Tatum*, 943 F.2d 370, 379–80 (4th Cir. 1991).

When the trial court knows or reasonably should know of the possibility of a conflict of

interest, it has a threshold obligation to determine whether the attorney has an actual conflict, a potential conflict, or no conflict.  *United States v. Kliti*, 156 F.3d 150,152 (2d Cir. 1998).  In fulfilling this initial obligation to inquire into the existence of a conflict of interest, the trial court may rely on counsel's representations.  *Levy*, 25 F.3d at 153.   If a district court ignores a possible conflict and does not conduct this initial inquiry, reversal of a defendant's conviction may be automatic.  *See, e.g.*, *Kliti* 156 F.3d at 152; *United States v. Jiang*, 140 F.3d 124, 127 (2d Cir. 1998).

Here, Mr. Finn previously represented Knowlton in this matter and now seeks to represent Wilson in this same matter.  The government has reason to believe that there is a significant potential for a conflict of interest in this case and the Court must make inquiry into the matter.  In order to proceed with the representation, both Wilson and Knowlton must consent to the conflict.  District of Colombia Rule of Professional Conduct 1.9 requires an informed waiver by Knowlton, as a former client.  Rule 1.9 provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

D.C. Rule of Professional Conduct 1.9.  Further, Rule 1.7 governs the situation where an attorney seeks to represent a client where there may be a conflict due to an adverse position taken or likely to be taken.  The Rule specifies that the conflict is waivable, but the waiver must be fully informed.

The Government is not currently moving to disqualify Mr. Finn as counsel because it does not know whether an actual or potential conflict exists, or whether Knowlton and Wilson consent to the representation.

The government respectfully requests that the court inquire into the status of Mr. Finn's representation of Wilson in order to properly address  the potential conflict of interest, and if the

Court determines the need, conduct an appropriate hearing to include Knowlton.


Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY


By:      */s/ James D. Peterson*
James D. Peterson
Special Assistant United States Attorney
Bar No.: VA 35373
United States Department of Justice
1331 F Street N.W.
 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
Mobile: (202) 230-0693
James.d.peterson@usdoj.gov